People of the State of Illinois ex rel. Joseph P. Egan, Appellee, v. Robert J. Dunham et al., Appellants.

Gen. No. 41,492.

Heard in the second division of this court for the first district at the October term, 1940. Opinion filed March 24, 1942.

JOHN O. REES, of Chicago, for appellants; MARTIN G. LOEFF, of Chicago, of counsel.

MICHAEL F. RYAN, of Chicago, for appellee; RICHARD F. McPARTLIN, JR., of Chicago, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse a judgment which ordered that a writ of mandamus issue directing the defendants Robert J. Dunham and Philip S. Graver, members of the Civil Service Board of the Chicago Park District, Blaine Hoover, Member and Secretary of the Civil Service Board of the Chicago Park District and Superintendent of Employment of the Chicago Park District, George T. Donoghue, General Superintendent of the Chicago Park District, and Roger Shanahan, Chief of Police of the Chicago Park District, to restore plaintiff, Joseph P. Egan, to the position of patrolman of the Chicago Park District, from which position he had theretofore been discharged by the Civil Service Board of said Park District after a hearing.

The petition for mandamus sets forth the record of the proceedings before the Civil Service Board and its investigating officer which resulted in the discharge of plaintiff and alleges substantially that the refusal of the investigating officer who conducted the hearing of the charges against plaintiff to grant the latter's request for a continuance of said hearing deprived him of his right to be represented by counsel and of his right to subpoena witnesses to testify in his behalf, in violation of section 12 of the Civil Service Act applicable to park systems and that therefore "the Civil Service Board and the appointing [investigating] officer were without jurisdiction to remove petitioner because of their failure to comply with the Act to Regulate Civil Service in Park Systems, and more

particularly with reference to the conduct of the hearing in that petitioner was not given an opportunity to have his counsel present, to subpoena witnesses and to have a public hearing thereon, in violation of the Act relating to Civil Service in Park Systems; that as a result thereof petitioner was illegally removed from his position as patrolman and has ever since his suspension been precluded from performing the duties and receiving the salary of patrolman."

Section 12 of "An ACT relating to the civil service in park systems" (par. 91, ch. 24½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 23.094]) provides in part as follows:

"No officer or employee in the classified civil service of any park district shall be removed . . . except for cause upon written charges and after an opportunity to be heard in his own defense. Such charges shall be investigated by or before the civil service board or by or before some officer or officers appointed by the board to conduct such investigation within thirty days from the date of suspension under such charges, if such officer or employee is suspended pending investigation of such charges. The hearing shall be public and the accused shall be entitled to call witnesses in his defense and to have the aid of counsel. The hearing may be postponed or continued with the consent of the accused."

It is admitted by plaintiff that the investigating officer and the Civil Service Board proceeded in conformity with all the provisions of the foregoing section of the statute except those which declare: " . . . the accused shall be entitled to call witnesses in his defense and to have the aid of counsel. The hearing may be postponed or continued with the consent of the accused." Plaintiff claims that these latter provisions were violated.

On and prior to May 13, 1935, plaintiff, Joseph P. Egan, was a patrolman in the classified service of the

Chicago Park District. On that date he was suspended by order of the head of the Police Department of the South Section of the said Chicago Park District pending charges. Subsequently the following charges were preferred against him:

"1. Conduct unbecoming a park employee in being under the influence of intoxicating liquor while on the post of duty, and I find that the facts to support said charge are as follows:

SPECIFICATIONS

That at or about 9:50 P. M. on May 12, 1935, the said Joseph P. Egan, while in uniform, during the hours of his employment, and while on his post of duty located at the intersection of Van Buren Street and Michigan Avenue, Chicago, Illinois, being a part and parcel of the territory of the Chicago Park District, was under the influence of intoxicating liquor to the extent that he was not in proper condition to continue working and to perform the duties on his post.

(Sgd.) Michael C. Hayes,
Capt. of Police, Commanding
South Section

Appr. George T. Donoghue,
General Superintendent."

The following written notice of said charges, with a copy thereof, was served upon plaintiff by registered mail on the afternoon of May 28, 1935:

"Mr. Joseph P. Egan
7937 Justine Street.
Chicago, Illinois

I hereby make the following written charges against you as cause for your removal, discharge or suspension (a copy of which is hereto attached) which have been filed before the Civil Service Board of the Chicago Park District by Michael C. Hayes, Captain commanding South Section, under and pursuant to Section 12 of 'An Act entitled, "An Act Relating to the Civil

Service in Park Systems" ' and that the Civil Service Board has ordered that hearing be had on said charges at its office in the Administration Building of the Chicago Park District, located in Burnham Park in the City of Chicago, County of Cook and State of Illinois, on the 3rd day of June, 1935, at 2:30 o'clock P. M., and if you wish to deny that there is good and sufficient cause for your removal or discharge or be heard further in your own behalf, you should be present at said hearing.

By order of the Civil Service Board,

S. D. Forst
Secretary."

Plaintiff appeared in person before the investigating officer of the Civil Service Board on June 3, 1935, at 2:30 p.m. in the office of said board, being the time and place set for the hearing. After acknowledging that he received the notice and copy of the charges more than five days prior to the date of the hearing, he made a request for a continuance of the hearing in the manner hereinafter set forth. His request for continuance was denied. The hearing proceeded. Plaintiff pleaded not guilty. Evidence was heard in support of the charges and Egan testified in his own behalf. After due consideration the investigating officer found plaintiff guilty of the charges and ordered that he be discharged, which finding and decision were approved by the Civil Service Board of the Chicago Park District on June 8, 1935.

When plaintiff appeared for hearing for the investigating officer of the Civil Service Board on June 3, 1935, the following occurred:

"Mr. Forst: Did you receive a copy of the charges more than five days prior to this date? Mr. Egan: I did, yes. Q. Do you plead guilty to the charges? A. I was talking to an attorney this morning and he asked me if possible to have it continued for about a week; he is busy. Q. For what reason? A. Well,

he hasn't been here; he is busy today and can't handle it. Q. It is rather a late request, is it not? Did you make any request for a continuance prior to the time you are asking for it now? A. No, I didn't. Q. You don't have to be represented by counsel. It is really up to you to see to it that you had an attorney here today to represent you, if you desired to have one. A. On account of the holiday. Mr. Loeff: Did you actually retain this attorney? A. I did, yes. On account of the holiday, he was out and didn't come in until yesterday. I just left his office now, and he is busy. Mr. Loeff: What is your attorney's name? Mr. Egan: Elmer Whitty. Mr. Dunham: There are several attorneys in Chicago. We have our Civil Service Board here at a special time. Mr. Leoff: The attorney didn't make any request. Mr. Forst: No attorney made a request for a continuance in this case. If Mr. Whitty had been retained by you on the case, he should have made a request for a continuance from the Civil Service Board. Mr. Dunham: I think we will proceed.''

While several grounds are urged for reversal of the judgment order, we deem it necessary to consider only the question as to whether the denial of plaintiff's request for a continuance by the investigating officer constituted an abuse of discretion which deprived the Civil Service Board and its investigating officer of jurisdiction to proceed with the hearing of the charges against plaintiff which resulted in his discharge.

Defendants' theory on this question as stated in their brief is that ''the facts and the petition of plaintiff show that the Civil Service Board and its investigating officer had jurisdiction both of the person of the plaintiff and of the subject matter. That specific charges were filed against plaintiff before the Civil Service Board. That plaintiff was served with notice of the hearing more than five days before said hearing as required by the rules of the Civil Service Board.

That he appeared in person at the hearing. That he was present throughout the hearing and testified in his own behalf. That he was found guilty of the charge of conduct unbecoming a police officer in that he was intoxicated while on duty.

"The defendants contend that in view of the foregoing, as shown by the allegations of the petition, that the Civil Service Board had jurisdiction of the person of plaintiff and of the subject matter of the investigation; that it was discretionary with the investigating officer and the Civil Service Board to refuse or grant the request for continuance; that they did not lose jurisdiction to proceed with the investigation because they refused a continuance; that the exercise of their discretion is not subject to review by the courts inasmuch as their acts are the acts of administrative officials and not judicial acts; that the investigating officer and the Civil Service Board proceeded in all things in accordance with the law in the matter of the hearing of the charges; that the reviewing court is without power to weigh and review the action of the investigating officer in denying the continuance and proceeding with the hearing."

Plaintiff's position is that "under the provisions of Section 12 of the Park Civil Service Act no employe in the classified civil service of the Chicago Park District can be discharged unless, among other things, said employe is accorded an opportunity to be heard in his own defense. That the statute in question provides that the hearing to be accorded to the employe is to be public and the accused shall be entitled to call witnesses in his defense and to have the aid of counsel. That said hearing may be postponed or continued with the consent of the accused. That under the facts and circumstances surrounding the hearing of charges against plaintiff the defendants failed to accord plaintiff an opportunity to be heard in his own defense within the meaning of the statute. That defendants

denied to plaintiff his right to be represented by counsel and denied him the privilege of a continuance, a provision provided by the statute for the benefit of the accused employe. That the defendants' actions, under the circumstances, in not granting a continuance and in not granting plaintiff the right to be represented by counsel of his own choosing, and in proceeding to a hearing, when the plaintiff had neither his lawyer nor his witnesses present, were arbitrary actions and in excess of the powers conferred upon the defendants by the Park Civil Service Act. That because thereof the Civil Service Board had no jurisdiction, and the finding and decision of the investigating officer approved by the Board, is null and void; that because thereof it is the mandatory duty of the defendants (enforceable by mandamus) to restore plaintiff to his position as a patrolman.''

The Civil Service Board of the Chicago Park District is composed of administrative officers clothed with statutory powers, from whose decisions the law gives no right of appeal and no right to the courts to inquire into the discretion exercised by that body, provided it acted within its statutory powers. (*People ex rel. Miller v. City of Chicago,* 234 Ill. 416, 418; *Wilcox v. People ex rel. Lipe,* 90 Ill. 186, 206, 207.)

The facts necessary to confer jurisdiction upon the Civil Service Board and its investigating officer are clearly shown both by the record of the proceedings before said board and by plaintiff's petition for mandamus, and such jurisdiction continued throughout said proceedings unless they were deprived of same by reason of the refusal of the investigating officer to grant plaintiff's request for a continuance.

In so far as we have been able to ascertain, the question has not heretofore been presented to or decided by the Supreme or Appellate Courts of this State as to whether the refusal of a Civil Service Board or commission to grant a continuance of the

hearing of charges preferred against an accused employee under circumstances such as appear here constituted an abuse of discretion that deprived such board or commission of jurisdiction to proceed with the hearing.

As has been seen, defendants complied strictly with the statute as to the filing of the charges and the service upon plaintiff of a copy of same, along with a notice of the time and place of his hearing. Such notice also advised him that if he wished to deny that "there is good and sufficient cause for your removal or discharge or be heard further in your own behalf, you should be present at said hearing." The service was had on Egan May 28, 1935, and his hearing was set for June 3, 1935. The rules of the Civil Service Board require that an accused employee be given at least five days' notice of the hearing of charges preferred against him. Here plaintiff was given six calendar days or five legal days notice. Plaintiff was therefore afforded the required opportunity to engage counsel to represent him at his hearing. He was also afforded the opportunity provided by the statute to call or have subpoenaed such witnesses as he desired in his defense against the charges.

In spite of the admitted jurisdiction of the Civil Service Board and its investigating officer over plaintiff's person and the subject matter of the charges, he insists that because he was refused a continuance of his hearing said board and its investigating officer were without jurisdiction to proceed further with such hearing.

It will be noted that when plaintiff made his request for continuance he said nothing at all about his inability to secure the presence of witnesses and that he had not even taken the trouble to consult any attorney about his case or his defense until the very morning of the day the charges against him were set for hearing. It will be further noted that the attorney

he claims to have talked to that morning "asked me if possible to have it continued for about a week; he is busy." It appeared that neither plaintiff nor any attorney representing him made any request for a continuance prior to the date of the hearing. Plaintiff stated to the investigating officer that he had already retained Attorney Elmer Whitty to represent him but that statement was refuted by his testimony on the trial of the instant case that he wanted to employ Attorney Whitty but the latter was out of town.

It cannot be said that the right given plaintiff under the statute to "the aid of counsel" was violated by defendants. It was plaintiff himself who failed to exercise such right through his own lack of diligence. The same may be said as to his right "to call witnesses in his defense."

Section 12 of the Park Civil Service Act heretofore set forth, fairly and reasonably construed, can only mean that the accused employee is entitled to have counsel represent him if he so desires and that he may himself call witnesses in his behalf or have them subpoenaed if he so desires. If plaintiff desired the "aid of counsel" it was his duty to have such counsel present at the time and place set for hearing. If counsel was present and was refused the right to participate in the hearing that of course would constitute a violation of the statute. There is no claim made that plaintiff produced witnesses who were refused permission to testify or that he requested the Civil Service Board to subpoena witnesses in his behalf and that it refused to do so. If witnesses called by plaintiff were refused permission to testify by the investigating officer of the Civil Service Board that would have constituted a violation of the statute. The same would be true if the Civil Service Board refused to subpoena witnesses at plaintiff's request.

The matter of granting or refusing to grant plaintiff a continuance of his hearing under the circum-

stances shown here was clearly within the discretion of the investigating officer of the Civil Service Board and to hold otherwise would be to establish the absurd precedent that hearings of said board and its investigating officers must be held at the convenience of accused employees or their counsel or prospective counsel. It is undoubtedly true that the Civil Service Board of the Chicago Park District has in the past, in the exercise of its sound discretion, granted continuances of the hearings of charges against accused employees and that it will continue to do so in the future where the circumstances warrant such action. However, it is under no statutory obligation to grant a continuance of a hearing regardless of the circumstances.

The statute affords no mandatory right to the allowance of a continuance of a Civil Service hearing. There is no language contained in section 12 which either expressly or by implication imposes the duty on the Civil Service Board or its investigating officer to grant a continuance simply because same is applied for. The statute merely states that "the hearing may be postponed or continued" and then only "with the consent of the accused." The provision for the consent of the accused is for his protection and to guarantee him a hearing within the thirty-day statutory period of his suspension so as to preclude the possibility of the indefinite postponement of the hearing of the charges against the accused employee.

We repeat that the statutory provision giving the accused employee the right to the "aid of counsel" can only mean that if such employee has counsel present to represent him he must be permitted to participate in the hearing and the conduct of the defense. To deny this right would be a clear violation of the Civil Service Act.

In the view we take of this case plaintiff's petition for mandamus contains no sufficient charge and the

record of the proceedings before the Civil Service Board and its investigating officer does not show that said board or its investigating officer violated the Civil Service Act as to any of its provisions.

We are impelled to hold that defendants were not guilty of any abuse of discretion in denying plaintiff's request for a continuance of his hearing, that the Civil Service Board and its investigating officer had jurisdiction of the plaintiff and the subject matter of the charges against him and that the record of the proceedings of said board and its investigating officer was valid in every respect.

For the reasons stated herein the judgment order of the superior court is reversed.

*Judgment order reversed.*

SCANLAN, P. J., and FRIEND, J., concur.