**Oran J. LINDQUIST, Plaintiff,**

v.

**CITY OF CORAL GABLES, a municipal corporation, C. L. Dressel, individually and as Mayor of the City of Coral Gables, and Paul T. Matheson, individually and as Chief of the City of Coral Gables Fire Department, Defendants.**

**Civ. No. 70-979.**

United States District Court,
S. D. Florida,
Miami Division.

March 4, 1971.

Jack P. Attias, of Bretan, Marks & Attias, Miami, Fla., for plaintiff.

Charles H. Spooner, City Atty., and Robert D. Zahner, Asst. City Atty., Coral Gables, Fla., for defendants.

## MEMORANDUM OPINION *

ATKINS, District Judge.

This is a case where the City of Coral Gables, an affluent bedroom community in South Florida, urges that it is essential in maintaining safety, order and discipline to require that members of its fire department not wear sideburns extending below the earlobes. A violator of this policy now brings this action pursuant to 42 U.S.C. Sections 1981, 1983, 1985(3) and 28 U.S.C. Sections 1331, 1343, 2201 and 2202 seeking compensatory damages and reinstatement as a firefighter with the City of Coral Gables. Before reaching the legal contentions involved, it is helpful to sketch a brief factual history of this case.

Plaintiff Oran J. Lindquist was employed as a firefighter in the City of Coral Gables on or about February 20, 1967. It is uncontroverted that prior to the confrontation regarding his sideburns, Plaintiff maintained an exemplary record with the Department. His employment record is without any complaint of misconduct, unlawful behavior, breach of responsibility or other improper attitude or conduct on his part.

On March 4, 1969 a memorandum was issued from the Office of Coral Gables Fire Chief Paul T. Matheson which sought to interpret a standing provision of the Departmental Rules and Regulations. Section V, Paragraph C, Item 21 of the Rules states as follows:

> Members shall be clean shaven, neat and clean in their attire and exemplary in all matters regarding personal appearances whenever they are in dress or fatigue uniform.

In the March 4 communication, Chief Matheson declared that "The wearing of long hair, mustaches, beards, mutton chop sideburns or sideburns extending below earlobes are not regarded as exemplary personal appearance and are therefore prohibited in the Coral Gables Fire Department."

September 12, 1969 brought the first of three meetings between Lindquist and his fire department supervisors concerning the length of Lindquist's sideburns. At none of these meetings did anyone attempt to justify the departmental interdict against sub-earlobe sideburns on the basis of safety. On the contrary, the only explanation of the sideburn requirement was to refer Lindquist to Chief Matheson's regulation clarification of March 4, 1969. When Lindquist failed to reduce the length of his sideburns [1], he was suspended by Chief Matheson on September 17, 1969. Efforts by Plaintiff to appeal his suspension to the Coral Gables Trial Board and the Coral Gables Commission were unsuccessful.

At the outset, it should be noted that all counsel are in agreement as to the fundamental question facing this Court. That is, whether or not the City of Coral Gables has demonstrated a reasonable relationship between the regulation interpretation and the successful functioning of its Fire Department so as to show

---

* Filed in lieu of Findings of Fact and Conclusions of Law pursuant to F.R.Civ.P. 52.

1. Witnesses' estimates of the length of Lindquist's sideburns varied from ¼" to ½" below the earlobe.

a compelling governmental interest as required by the substantial burden of justification test.

The case law is well settled that a State may not *arbitrarily* refuse an individual the opportunity to receive a public school education or to work in public service. Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1958); Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). Additionally, the greater weight of authority has found that the right to determine one's personal appearance is an ingredient protected by the United States Constitution. See Griffin v. Tatum, 425 F.2d 201 (5 Cir. 1970); Richards v. Thurston, 424 F.2d 1281 (1 Cir. 1970); Breen v. Kahl, 419 F.2d 1034 (7 Cir. 1969); Blackwell v. Issaquena County Board of Education, 363 F.2d 749 (5 Cir. 1966); Burnside v. Byars, 363 F.2d 744 (5 Cir. 1966). Although the great majority of cases herein deal with rules and regulations promulgated in a school setting, I find the reasoning entirely applicable to the instant situation. Recognizing therefore that Mr. Lindquist has a constitutionally protected right to wear his sideburns in any fashion that he might see fit, it is necessary to determine whether the City of Coral Gables has "substantially justified" its right to limit or curtail said right.

Defendants contend that they have met their burden in the following ways:

1. The City of Coral Gables Fire Department is a paramilitary organization in which disobedience cannot be tolerated. Plaintiff's failure to obey his superiors' instructions regarding sideburns, therefore, substantially justified his dismissal;

2. The regulation clarification in question was justified in that: (a) lengthy sideburns constitute a serious physical danger because hair is highly flammable; (b) lengthy sideburns cannot be allowed for the reason that they prevent a satisfactory seal on gas masks.

At the trial of this cause on January 28, 1971, I allowed Defendants great latitude in presenting evidence which purported to justify Chief Matheson's memorandum of March 4, 1969. With respect to safety and/or equipment considerations, however, the parties' pretrial stipulation filed in this cause on January 18, 1971 controls.

"AGREED FACTS

\* \* \* \* \* \*

"5. Plaintiff performed his duties in a competent and satisfactory manner, without complaint from his supervisory personnel or from the public. His employment record is without any complaints of misconduct, unlawful behavior, breach of responsibility or other improper attitude or conduct on his part.

\* \* \* \* \* \*

"9. That the sole reason for the suspension of ORAN J. LINDQUIST from the City of Coral Gables Fire Department was that as expressed in the Coral Gables inter-office communication dated September 17, 1969, by Chief PAUL T. MATHESON (See Exhibit "A") was the length of Plaintiff's sideburns. [sic]

"10. That at no time did any of Defendants conduct any tests, investigations, examinations, or surveys to determine what the length, size and shape of sideburns should be permitted to be worn by Coral Gables firefighters.

"11. That the length of Plaintiff's sideburns did not in any way interfere with the wearing of any equipment used by Coral Gables firefighters.

"12. That the length of Plaintiff's sideburns did not constitute a health hazard, physical danger to others, an obscene exposure, a violation of any law, or a distraction to other firefighters from various official tasks and duties.

\* \* \* \* \* \*

"14. That it was the City of Coral Gables 'JUDGMENT DECISION' to promulgate a regulation requiring the

length of firefighters' sideburns not to exceed the bottom of his earlobes, (See Exhibit 'B' attached hereto).

"15. That the guidelines employed by the City of Coral Gables in making such a judgment decision were uniformity, neatness and style."

■ As a result of the foregoing admissions in the pretrial stipulation, I find that Chief Matheson's interpretation of Section V, Paragraph C, Item 21 of the Coral Gables Fire Department Rules and Regulations fails to pass constitutional muster. Analogizing the test used in Ferrell v. Dallas Independent School District [2], the City of Coral Gables has failed to show *any* relationship between Plaintiff's sideburns and interference with the proper functioning of the Coral Gables Fire Department.

With respect to Defendants' second contention concerning the paramilitary nature of the fire department, I find it unnecessary to decide this point in light of my conclusion that Chief Matheson's interdict against sideburns below the earlobe is invalid.

■ Before concluding, I wish to make it clear that the Court receives guidance from Griffen v. Tatum, 425 F.2d 201 (5 Cir. 1970), and limits its ruling today to that portion of the March 4, 1969 memorandum which prohibits Coral Gables firefighters' sideburns below the earlobe. Nothing in this decision should be construed to limit the authority of governmental employers to regulate the hair and/or sideburns of their employees upon a showing of a compelling governmental interest.

It is therefore ordered and adjudged as follows:

1. The defendants shall reinstate Oran J. Lindquist as a firefighter with the City of Coral Gables with full retroactivity of tenure, status and salary; and

2. The defendants shall expunge from Mr. Lindquist's record all evidence of his violating Chief Matheson's memorandum of March 4, 1969.

With respect to recovery of back wages for plaintiff, counsel are ordered to confer within ten (10) days in order to determine which items respecting back wages, interest, etc, are still in controversy. All of these remaining items shall be thoroughly briefed and set down for argument on this Court's next motion calendar.

2. Ferrell v. Dallas Independent School District, 392 F.2d 697 (5 Cir. 1968); cert. den. 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed. 2d 125:

"The touchstone for sustaining such regulations is the demonstration that they are necessary to alleviate interference with the educational process." At 703.