126 N.J. Super. 148 (1973)
313 A.2d 219
DONALD MANCO, PLAINTIFF-APPELLANT,
v.
TOWN OF IRVINGTON AND SAL DI COSTANZO, FIRE CHIEF AND DIRECTOR, DEPARTMENT OF FIRE, TOWN OF IRVINGTON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 1973.
Decided June 12, 1973.
Before Judges CARTON, MINTZ and SEIDMAN.
Mr. Peter A. Buchsbaum argued the cause for appellant.
Mr. Herman W. Kurtz, Assistant Town Attorney argued the cause for respondents (Mr. Samuel J. Zucker, attorney).
PER CURIAM.
Plaintiff, a member of the Irvington Fire Department, challenged the constitutionality of Department Directive No. 5A, concerning style and length of hair. He also challenged the hearing procedure whereby the Fire Chief who had ordered plaintiff to cut his hair sat as the hearing officer at the departmental hearing.
The court ruled that the regulation was valid and that the Director (Fire Chief) acted fairly and impartially as hearing officer. Upholding the Director's determination that plaintiff was in violation of the directive, the court dismissed the complaint. Plaintiff appeals.
Plaintiff was ordered by a Captain McBain of the Irvington Fire Department to cut his hair because he was in violation of the directive. He testified that he got a haircut the following day. Three days later McBain and a Deputy Chief Cunningham informed plaintiff that his hair was still in violation *149 of the directive. Directive No. 5A, dated January 21, 1970, in pertinent part, provides:
Because of safety standards it becomes incumbent upon us to adhere to good safety procedures and it becomes the responsibility of all officers and members of the department to practice simple safety standards to the effect that sideburns because of the safety feature extend to the lower ear lobe, be parallel to each other and closely (not bushy) trimmed. In line with the same safety practices, the hairline shall not extend below the collar of one's shirt or uniform. * * *
The directive also stated that "[r]espirators shall not be worn when conditions prevent a good face seal" and "[s]uch conditions may be a growth of beard, sideburns * * *."
After reviewing the testimony, DiCostanzo concluded that plaintiff had refused to comply with the directive. He also concluded that plaintiff's hairstyle and sideburns would interfere with the face-seal on a gas mask. Plaintiff was penalized five days' pay.
At the Superior Court trial defendant produced two expert witnesses who testified essentially that they doubted gas masks would properly seal over plaintiff's face because of his hairstyle. Plaintiff's single witness testified that he had tested the mask on plaintiff and plaintiff's attorney, whose hair was longer than plaintiff's. He expressed the opinion that the gas mask would safely seal on him.
The court, in ruling that Directive No. 5A was valid in all respects, stated that there is "an overriding or countervailing public need to curtail the otherwise fundamental right of the plaintiff with respect to having his hair worn in the style which he would prefer * * *." The court also ruled that DiCostanzo had not assumed the role of investigator, prosecutor and judge in handling the case, and that plaintiff received a fair hearing, comporting with due process requirements.
It is apparent that there was a sharp dispute among the experts as to the reasonableness of the regulation. In our *150 view, the record amply supports the trial court's conclusion that safety factors warranted its adoption and that it was, in fact, violated.
We find no merit in plaintiff's additional argument that Fire Director DiCostanzo's sitting as a hearing examiner at the departmental hearing deprived him of due process. Captain McBain was the officer who officially filed charges against plaintiff, not DiCostanzo. Plaintiff made no showing of partiality on the part of DiCostanzo in acting in his role as hearing officer. See 4 McQuillin, Municipal Corporations (3rd ed. 1972 rev'd), § 12.259b, p. 367. The record supports the trial judge's finding that the regulation was in fact violated.
Affirmed.