PETER HORDORWICH, Plaintiff-Appellant, *v.* THE BOARD OF POLICE AND FIRE COMMISSIONERS OF MELROSE PARK *et al.,* Defendants-Appellees.

(No. 58652;

First District (4th Division)—February 13, 1974.

Lawrence Schlam, of Chicago (Clark & Schlam, of counsel), for appellant.

Jerome N. Zurla, of Chicago (John J. O'Toole, of counsel), for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County sustaining the plaintiff's discharge by the Board of Police and Fire Commissioners of the Village of Melrose Park.

The issues presented on appeal are (1) whether the findings and decision of the Board of Police and Fire Commissioners of Melrose Park were based upon cause and supported by substantial evidence; (2) whether the Board's denial of plaintiff's motion for continuance constituted prejudicial error and deprived the plaintiff of a fair hearing; and (3) whether the findings of the Board were adequate to support the decision of the Board.

The plaintiff, Peter Hordorwich, became a fireman for the village of Melrose Park in 1967. On March 15, 1971, Fire Chief Anthony Zito posted a general order which directed all Melrose Park firemen to be clean-shaven and to have their hair cut in conformity with an attached drawing of a human head. In December, 1971, Chief Zito suspended the plaintiff from duty for his failure to comply with the general order and insubordination in disobeying a direct order to obtain a haircut. Chief Zito also filed charges with the Board of Police and Fire Commissioners of the village of Melrose Park asking for plaintiff's discharge. A hearing on the charges was held on January 21, 1972. At the hearing counsel for plaintiff requested a continuance for the reason that he was not yet adequately prepared for trial. The motion was denied by the Board. On February 28, 1972, the Board found that cause existed for the discharge of the plaintiff from his position as fireman in that he "was not clean-shaven nor did he have a length of hair so as to be able to perform all of his duties required as a fireman * * * [and in that he was] * * * guilty of insubordination in that on December 21, 1971, he did violate a direct order of the Chief of the Fire Department of the Village of Melrose Park to get a hair cut that would place him within the purview of the General Order of March 15, 1971," and he was thereupon discharged. He filed suit in the Circuit Court of Cook County and on November 17, 1972, a hearing was held on the plaintiff's amended complaint in administrative review. At the close of the hearing the court sustained and affirmed the Board's decision to discharge the plaintiff.

The plaintiff's first contention is the findings and decision of the Board of Police and Fire Commissioners of Melrose Park were neither based upon cause nor supported by substantial evidence. The plaintiff argues the Board's finding plaintiff was "unfit for duty by reason of his long hair" was insufficient. He relies on the decision in *Gigger v. Board of Fire and Police Comm'rs* (1959), 23 Ill.App.2d 433, wherein the appellate

court held it is imperative the record of an administrative hearing show that an impartial inquiry into the facts was conducted.

■■ We believe the findings and decision of the Board of Police and Fire Commissioners were based upon cause and supported by substantial evidence. The scope of review of the final decision of an administrative agency is well settled and succinctly stated in *Davern v. Civil Service Com.* (1970), 47 Ill.2d 469, wherein the Illinois Supreme Court stated:

> "The Administrative Review Act provides that agency findings on questions of fact are 'prima facie true and correct' (Ill. Rev. Stat. 1967, ch. 110, par. 274.) We have construed this provision to limit the function of the reviewing court to ascertaining whether the findings and decisions of the administrative agency are against the manifest weight of the evidence * * *. The courts will not reweigh the evidence, but are limited to a determination whether the final decision of the administrative agency is just and reasonable in light of the evidence presented."

In the case at bar the Chief of the Melrose Park Fire Department promulgated a general order which directed all firemen to be clean-shaven and to have their hair cut in accordance with an attached drawing of a human head. Failure to comply with the order would result in disciplinary action. Evidence submitted at the hearing before the Board established that inordinate growth of hair and sideburns could cause an inability to wear a smoke mask required at certain types of fires and would be detrimental to a fireman's safety and the safety of others. It was further established the plaintiff did not comply with the general order and disobeyed the direct orders of his superior to comply with said general order. We conclude, therefore, that the findings and decision of the Board were based upon valid cause for removal of the plaintiff from his duties and fully supported by the evidence.

The plaintiff's second contention is the denial of his motion for continuance by the Board constituted prejudicial error and deprived plaintiff of a fair hearing. The plaintiff bases his contention on the decision in *Lindeen v. State Police Merit Board* (1962), 25 Ill.2d 349, wherein the Supreme Court held the Board's denial of a motion for continuance deprived plaintiff Lindeen of a fair trial.

■■ We do not agree with the plaintiff's contention. It is well settled that the granting of a continuance is a matter which rests in the sound discretion of an administrative tribunal. (*People ex rel. Egan v. Dunham* (1942), 314 Ill.App. 110.) In the instant case, the plaintiff and his attorney did not file a written motion for continuance prior to the hearing but, rather, orally requested a continuance at the hearing. Plaintiff's counsel stated he was requesting a continuance because he was not

adequately prepared for trial. At the hearing, however, counsel demonstrated he was well versed in all facets of the circumstances giving rise to plaintiff's suspension and presented an admitted expert in fire fighting devices. Under these circumstances we conclude the Board did not breach its discretion in denying plaintiff's motion for continuance.

Plaintiff's final contention is the findings of the Board were inadequate to support its decision to discharge the plaintiff. The plaintiff argues he was not insubordinaate and the order issued by Chief Zito to get a haircut could not reasonably be construed as an order which the plaintiff had to obey. In support of his contention the plaintiff relies primarily on the decision in *Lindquist v. City of Coral Gables* (1971), 323 F. Supp. 1161, wherein the District Court of Florida held a hair regulation was invalid as the City had shown no relationship between sideburns and interference with the proper functioning of the fire department.

■■ We believe the findings of the Board were adequate to support its decision. A review of the record indicates the plaintiff violated a General Order promulgated as a safety measure to firemen as well as victims of fires. Furthermore, the plaintiff violated a direct order of the Fire Chief to obtain a haircut. Such insubordination cannot be condoned. Rules designed for purposes of safety and efficiency must be followed. What if a fireman refused to wear his uniform, or boots, or fire hat, or ride the firetruck to the scene of a fire, insisting upon doing as he pleased? Such results could be chaotic and disastrous. Personal rights must be reasonably limited when the safety of firemen and others is involved.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.