Neil KAMERLING et al., Plaintiffs-Appellants,

v.

John T. O'HAGAN, Fire Commissioner, City of New York, Defendant-Appellee.

No. 562, Docket 74–2155.

United States Court of Appeals, Second Circuit.

Argued Feb. 18, 1975.

Decided March 18, 1975.

* Of the United States District Court for the District of Vermont, sitting by designation.

Leonard D. Wexler, Smithtown, N. Y. (Meyer & Wexler, Smithtown, N. Y., Richard T. Haefeli, Smithtown, N. Y., of counsel), for plaintiffs-appellants.

Michael Ambrosio, New York City (Adrian P. Burke, Corp. Counsel, L. Kevin Sheridan, New York City, of counsel), for defendant-appellee.

Before ANDERSON, MULLIGAN and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

This action was commenced by an order to show cause seeking a preliminary injunction, and by a summons and complaint seeking a permanent injunction, against the Fire Commissioner of the City of New York. On July 1, 1974, the Commissioner had issued a regulation, PA/ID 6–74,[1] which banned beards and set standards for the length of firemen's hair, moustaches and sideburns. The plaintiff firemen who were in violation

1. The Regulation reads in part as follows:

SUBJECT: HEALTH AND SAFETY STANDARDS FOR HAIR. AND BEARDS

1. STATEMENT OF POLICY

A) The grooming of individual members of this Department must be consistent with the conditions under which he is employed. Most of our work takes place in highly heated, toxic, poorly illuminated, abnormal and unsanitary conditions. Smoke inhalation, heat prostration, lacerations, burns and falls are common consequences of firefighting. Hair of excessive length on the head, and hair on the face of any length will increase the probabilities of the indispositions mentioned above. With the mask facepiece designs currently in use it has been reliably proven by NASA, the National Bureau of Standards and others that it is impossible to obtain a satisfactory seal on a bearded man.

B) It is evident also that flowing hair is more readily ignited and that hair, excessive to any degree, acts as an insulator, retaining body heat and raising body temperatures at a time when eliminating body heat through exposed skin surface is highly desirable.

C) The health of the individual fireman is also compromised when working in an unsanitary environment. Exposed hair is a breeding place for germs. Lacerations on hair covered surfaces are subject to infection in direct proportion to the area and depth of the hair thereby complicating the injury and extending recuperation period.

D) Accordingly, safety standards for personal grooming and procedures for implementation are hereby established within the following guidelines. They shall apply to all members capable of performing fire duty.

2. STANDARDS

A) Head hair:

1. Head hair shall be of such length and style as desired but shall be within the following restrictions:

a. Hair on top of the head shall not be excessive in length at any point.

b. Hair, except for shingled or cropped areas, shall not protrude below any point along the full band line of the helmet.

c. Hair at the back of the neck shall be tapered neatly and shall not extend below the shirt collar.

B) Facial hair:

1. Moustaches are permitted, but shall conform to the following:

a. They must be closely trimmed.

b. They must not extend beyond the corners of the mouth.

c. They must not extend below any portion of the upper lip.

2. Beards or goatees are not permitted.

3. All members shall be otherwise freshly shaven when reporting for duty.

C) Sideburns:

1. Sideburns shall be kept neatly trimmed and close to the face to avoid any possibility of a defective mask facepiece seal.

a. They shall not extend below the lower extremity of the ear.

of the regulation challenge it as an unconstitutional invasion for their rights of free expression, due process and equal protection. The defendant Commissioner took the position that the regulation was necessary to insure the safety and security of the fire-fighting personnel of the Fire Department. After a two-day hearing, Hon. Mark A. Costantino, United States District Judge for the Eastern District of New York, issued a decision and judgment entered on July 30, 1974, denying the application for a preliminary injunction and dismissing the complaint. The only issue raised on appeal is that the trial court's conclusion that the defendant had established a genuine public need for the regulation was based upon erroneous findings of fact.

■ In Dwen v. Barry, 483 F.2d 1126, 1130 (2d Cir. 1973) this court stated that " . . . choice of personal appearance is an ingredient of an individual's personal liberty and . . . any restriction on that right must be justified by a legitimate state interest reasonably related to the regulation." This "reasonable relation" test is clearly applicable here; the suggestion in appellants' brief that the Commissioner had the burden of establishing a "compelling" state interest in order to justify the regulation is without support in precedent or logic. There was ample evidence to justify the conclusion of the court below that the regulation, which applied only to Department personnel actively engaged in fire fighting, was promulgated to insure the safety of firemen and that it was reasonably related to a legitimate state interest. As the court observed in a case upholding a similar regulation of the Philadelphia Fire Department, Michini v. Rizzo, 379 F.Supp. 837, 852 (E.D.Pa.1974): "The officials in charge of the Department

have a right—and a duty—to seek to achieve *maximum* safety" (emphasis in original). Although the named plaintiffs testified on their own behalf to the effect that they had never been hampered or endangered by long hair or beards, other evidence before the court was contrary. There was the testimony of the Commissioner and the Fire Department Chief of Staff that fire-fighters have had their hair burned below the rim of the helmet; see Michini v. Rizzo, *supra*, 379 F.Supp. at 846–47;[2] Olszewski v. Council of Hempstead Fire Dep't, 70 Misc.2d 603, 334 N.Y.S.2d 504, 508 (Sup. Ct., Nassau Cty., 1972), modified procedurally, 41 A.D.2d 968, 344 N.Y.S.2d 992 (2d Dep't 1973). There was medical evidence that facial hair is flammable as well as infectious and that injuries to full-bearded faces create greater than normal obstacles to treatment.

Despite the contrary testimony of plaintiffs there was live testimony as well as scientific data submitted to the court which established that beard growth substantially increases the inward leakage rate of face masks. The Commissioner, who is a member of the User Design Committee of the National Aeronautics and Space Administration, testified that a cleanly shaved face is required in order to achieve a good seal on the face mask of the Scott Airpack, the respirator used by the New York Fire Department. See Olszewski v. Council of Hempstead Fire Dep't, *supra*, 334 N.Y.S.2d at 506–08.

■ In view of the unquestioned interest of the City of New York in the health and safety of its fire-fighters, as well as that of the citizens they serve, we conclude that the regulation in question is reasonably related to that inter-

**2.** In the *Michini* case the named plaintiff, while on the stand, in order to illustrate his assertion that hair does not burn, struck a match and held it briefly to his hair, which proceeded to burn brightly for several seconds causing five fire officers in the courtroom to jump to their feet and shout warnings. Singed but undaunted, the plaintiff

blamed the blaze on his hair spray. The court was unimpressed: "Viewing the testimony on the subject as a whole, we are persuaded that hair exposed at the back of the neck constitutes a hazard on the firegrounds." 379 F.Supp. at 847 (footnote omitted).

est, that the findings of fact below were not erroneous, and that therefore the order appealed from must be affirmed.[3]

Affirmed.

---

3. We note in passing the other courts not cited heretofore that have upheld similar regulations, e. g., Yarbrough v. City of Jacksonville, 363 F.Supp. 1176 (M.D.Fla.1973); Manco v. Town of Irvington, 126 N.J.Super. 148, 313 A.2d 219 (App.Div.1973), aff'd, 64 N.J. 142, 313 A.2d 204 (1974). But cf. Lindquist v. City of Coral Gables, 323 F.Supp. 1161 (S.D.Fla.1971) (length-of-sideburns regulation struck down. However, in *Lindquist* the parties stipulated (*inter alia*) that plaintiff's sideburns did not present a health hazard or physical danger, and that the regulation was founded primarily on a desire for "uniformity, neatness and style," rather than on a desire for safety).